**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

JULIA JONES,

                    Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

                    Defendant.

Case No. 12-CV-541-FHM

## OPINION AND ORDER

Plaintiff, Julia Jones, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]  In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's May 24, 2010, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held August 27, 2011. By decision dated September 16, 2011, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on August 2, 2012.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was nearly 20 years old on the alleged date of onset of disability and 21 at the time of the ALJ's denial decision.  She is a high school graduate and earned an associate's degree.  She formerly worked as child care worker and cashier.  She claims to have been unable to work since March 10, 2010 as a result of back pain and dysfunction due to cervical and lumbar strain, and thoracic disc herniations that compress her spinal cord.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b).  She is limited to occasional climbing of ramps, stairs, ladders, ropes, and scaffolds and is able to occasionally balance, stoop, crouch, and crawl.  She is able to kneel frequently.  [R. 17].  The ALJ found that with these limitations Plaintiff is capable of performing her past relevant work as a cashier.  [R. 22].  In addition, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform

2

with these limitations.  [R. 22-23].  The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled, with an alternative step five finding.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to properly consider the treating source opinions and failed to perform a proper credibility analysis.

### Analysis

#### Consideration of Treating Source Opinions

Plaintiff was injured in a motor vehicle accident on March 10, 2010.  She has been treated by Richard Hastings, D.O. and James Mayoza, M.D.  Both of these doctors completed forms which contained their opinions that Plaintiff cannot sit for six hours a day and cannot stand or walk for two hours per day as a result of thoracic disc herniation, cervical disc injury, and lumbar myofacial injury received in the accident.  The ALJ gave the opinions of these treating physicians little weight.  [R. 20, 21].  Instead, the ALJ credited the opinion of the state Disability Determination Service (DDS) reviewing expert at Exhibit 5F.  [R. 22, 259-266].

Plaintiff argues that the ALJ rejected the opinions of the treating physicians in favor of his own interpretation of the severity of Plaintiff's condition based on MRI findings.  Plaintiff notes that the ALJ's statement that Dr. Hastings' opinion was based on Plaintiff's subjective complaints is contradicted by the contents of the opinion which identified the objective findings that support the opinion.  The ALJ stated that the physical therapy

records were consistent with his RFC findings, but Plaintiff asserts that the content of those records does not support the RFC.  With regard to the ALJ's rejection of Dr. Mayoza's opinion, Plaintiff notes that the ALJ supposed that if Plaintiff had disabling low back pain, she would have positive straight leg raising (SLR) tests, atrophy, and a limited range of motion.  Plaintiff argues that it was improper for the ALJ to reject Dr. Mayoza's opinion based on what the ALJ thinks the medical record should contain.  Plaintiff asserts that the ALJ's rejection of her treating physician's opinions was based on the ALJ's own lay opinion of the evidence and was therefore error.

An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both:  (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).  If the ALJ rejects the opinion completely, he must give specific legitimate reasons for doing so. *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).  The court finds that the reasons the ALJ gave for rejecting the treating physician's opinions were not legitimate ones in that the reasons the ALJ gave for rejecting the opinions are not supported by substantial evidence.

The ALJ's rendition of the medical record gives a skewed and therefore inaccurate account.  The ALJ spent much time recounting the observations made during Plaintiff's emergency room visit directly following her car accident when she was diagnosed with a back sprain.  [R. 19-20].  The ALJ noted Plaintiff had normal range of motion of the extremities and that a cervical x-ray showed normal alignment and disc spaces with no fractures seen.  He concluded:

4

> It is reasonable to assume that someone with pain would also
> have limited range of motion associated with the pain. It was
> also stated in the record that the claimant had, "*No Serious
> Injury.*" (*Emphasis added).* (Exhibit 1F).  These findings are
> not consistent with allegations of severe disabling pain
> associated with numbness and tingling.

[R. 20] [emphasis and capitalization in ALJ's decision].   The ALJ's emphasis on the

emergency room notation that Plaintiff had "no serious injury" together with his conclusion

that the findings were not consistent with allegations of severe disabling pain associated

with numbness and tingling is troublesome since Plaintiff was not complaining of numbness

and tingling at the time of that emergency room visit and her injury did not appear serious

immediately following the accident.  The record reflects that following the accident Plaintiff

repeatedly sought care for back and neck pain.

While an ALJ is not required to address every entry or finding, the summary of the

medical record should present a fair representation of the overall picture.  The summary

in this case does not.  The ALJ discussed Plaintiff's attendance at physical therapy from

May 25, to July 28, 2010.  the ALJ noted that on initial evaluation that Plaintiff was able to

toe walk and heel walk, which he stated was "not necessarily consistent with disabling back

pain."  [R. 20].  The ALJ recounted instances in the physical therapy notes where it was

recorded that Plaintiff tolerated exercises without aggravation of her symptoms.  The ALJ

did not, however, acknowledge that exercises were modified due to pain, [R. 281], that

Plaintiff reported improved neck mobility, but increased pain aggravated by activity, [R.

287], or the therapists remarks that despite therapy complaints of pain and paraspinal

muscle spasms were unchanged, [R. 288].

In discussing the Plaintiff's MRI results, the ALJ emphasized by italic typeface the words "small," "mild," and "tiny" as they were used in the MRI report to describe the disc protrusions or herniations at three levels in Plaintiff's thoracic spine which the report also noted contacted her spinal cord. [R. 20, 271]. The ALJ found that the statement made by plaintiff's treating physician, Dr. Hastings, that Plaintiff had severe disc herniation injuries in the thoracic spine was inconsistent with the objective findings in the MRI of the thoracic spine which used the words "slightly" and "tiny" to describe the injuries. [R. 20]. The ALJ also stated that Dr. Hastings' opinion seemed to be based on Plaintiff's subjective complains, rather than the objective medical findings such as MRIs and x-rays which the ALJ found were at odds with Dr. Hastings' opinion.

The court finds that the reasons the ALJ gave for according Dr. Hastings' opinion little weight are not supported by substantial evidence. Dr. Hastings explained that his opinion was based on "thoracic disc herniations with thoracic spinal cord compression," MRI, clinical exams, and spine surgery consultative findings. [R. 291, 292, 293]. The MRI report confirms small disc protrusions at three levels of the thoracic spine (T5-T6, T6-T7, T7-T8) that contact or may slightly flatten the spinal cord. [R. 271]. The ALJ's focus on the MRI report's use of the words small and tiny which described the size of the herniations miss the point of Dr. Hastings' opinion, which was that the herniations compressed the spinal cord and produced "recurrent episodes of excruciating pain with almost any movement." [R. 293].

The ALJ also rejected the opinion of Dr. Mayoza, the orthopaedic surgeon who saw Plaintiff several times from July 15, 2010 to June 2011 on the basis that Dr. Mayoza's opinion was inconsistent with his findings throughout his treatment and are inconsistent

6

with the objective findings in the MRI report from May 10, 2010.  [R. 21, 316-326].  The findings in the ALJ's decision which are attributed to Dr. Mayoza and are employed as reasons to discount his opinion do appear in Dr. Mayoza's reports.  However, the findings are largely taken out of context and therefore do not support the rejection of Dr. Mayoza's opinion.

The ALJ contrasted Dr. Mayoza's rendition of Plaintiff's history in his initial evaluation with the medical record of Plaintiff's initial emergency room visit following the car accident.  The ALJ pointed out that Dr. Mayoza said Plaintiff reported that immediately after the accident she was placed in a cervical collar, and suffered nausea and headache. The emergency room records reflect that Plaintiff was not placed in a cervical collar until two days after the accident when she returned to the emergency room with complaints of headaches and nausea.  [R. 21, 18-185; 192-193].  The court views this inconsistency as insignificant in regard to the weight to be accorded Dr. Mayoza's opinion.

The ALJ also pointed out the Dr. Mayoza reported Plaintiff did not receive any relief from physical therapy, but the physical therapy records reflect she felt better and was getting relief.  [R. 21].  The court has already discussed that a similar reference to improvement with physical therapy do not accurately present the full picture.

The ALJ recounted Dr. Mayoza's study of the MRI of May 10, 2010.  Again, the ALJ used italicized type to emphasize the words used to describe the size of the herniated disc. The ALJ also emphasized a portion of Dr. Mayoza's November 18, 2010 report that stated Plaintiff "had *real* and *significant* improvement" in sacroiliac joint pain following an injection. [R. 21, 318].  (Emphasis added by ALJ).  The ALJ did not mention Dr. Mayoza's further comment that if some temporary relief were to occur with recurrence of the pain to a severe

7

degree, that might be an indication for arthrodesis (surgical fixation) of the sacroiliac joint. [R. 318].   Dr. Mayoza's report on May 10, 2011 recorded that the first injection gave Plaintiff "some temporary relief" but that attempts to inject the joint a second time were not successful.  [R. 316].  Dr. Mayoza noted continued tenderness and normal range of motion and the absence of atrophy, motor, or sensory changes.   [R. 316].   In spite of these findings, in making treatment recommendations Dr. Mayoza expressed concern that Plaintiff was "so absolutely non-responsive" to sacroiliac joint injections and that sacroiliac joint fusion may be necessary.  *Id.*  In view of Dr. Mayoza's concern that, even in the absence of atrophy and sensory or motor changes, joint fusions may be necessary to alleviate Plaintiff's pain, the ALJ's comment that "[i]t is reasonable to assume someone with disabling low back pain would not only have positive straight leg raise tests, but that there would also be some degree of atrophy and limited range of motion," [R. 21], are viewed as conjecture without any basis in the medical record.

Based on the foregoing, the court finds that some of the reasons the ALJ specified for the rejection of the opinions of Plaintiff's treating physicians are not supported by substantial evidence.  The ALJ's rendition of some aspects of the medical record are taken out of context to an extent that the entirety of the ALJ's rejection of the treating physicians' opinions is not supported by substantial evidence.  However, this finding should not be viewed as a determination that those opinions must necessarily be granted controlling weight.

The ALJ accepted the RFC findings of the State Disability Determination Service (DDS) reviewing physician found at Exhibit 5F in the record.  [R. 22, 259-266].  The ALJ also used that exhibit in formulating the hypothetical question to the vocational expert.  [R.

8

50-51].   The ALJ's acceptance of the DDS opinion over the opinions of the treating physicians is not reasonable.  The DDS opinion, dated June 28, 2010, does not appear to take into account the spinal cord compression revealed in the MRI.  [R. 260-261].  And, because of the date of the DDS opinion, Plaintiff's continued efforts to obtain pain relief are not taken into account.  Further, the DDS reviewer acknowledged that Plaintiff had some limitation to reaching with her right arm due to pain, but stated any limitation should resolve in 12 months.  [R. 262].  The doctors' opinions and their medical records, which cover more than a year, suggest that the effects of Plaintiff's thoracic disc herniation did not resolve as the DDS reviewer expected.  [R. 324-326].  Further, the year time frame had passed at the time of the ALJ's decision.

The ALJ's decision is reversed and the case is remanded for proper evaluation and discussion of the treating physician's opinions and re-evaluation of the weight accorded to the DDS physician's opinion.  *See Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003)(discussing criteria for weighing medical opinions); 20 C.F.R. § 404.1527(d).

### Credibility Analysis

The ALJ's credibility analysis consisted of a single paragraph which did not discuss the basis for discounting Plaintiff's testimony.  Since the credibility analysis was conclusory and was not closely and affirmatively linked to substantial evidence, Plaintiff's credibility must be properly addressed on remand.

### **Conclusion**

The ALJ's decision is REVERSED and the case is REMANDED for further proceedings.

SO ORDERED this 10th day of September, 2013.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE